Filed 7/21/26  In re F.C. CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| In re F.C., a Person Coming Under the Juvenile Court Law. | C104941 |
| BUTTE COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>D.C.,<br>        Defendant;<br><br>F.C.,<br>        Appellant. | (Super. Ct. No. 23DP00097) |

Minor F.C. was removed from her parents' homes pursuant to a Welfare and Institutions Code[1] section 300 petition and eventually recommended for adoption by the Butte County Department of Employment and Social Services (Department).  The selection and implementation hearing was continued and was eventually set on the same day as minor's periodic review hearing.  Before the hearing, the Department served minor's counsel with notice of the selection and implementation hearing and a report under section 366.26.  At the joint hearing, the selection and implementation hearing was

---

[1]     Further undesignated section references are to the Welfare and Institutions Code.

1

continued and the periodic review hearing was held.  Minor objected to holding the periodic review hearing because she lacked proper notice and the Department filed an inadequate report for purposes of the periodic review hearing.  The juvenile court overruled the objection and adopted the Department's proposed periodic review orders.

On appeal, minor contends we must vacate the periodic orders because she lacked proper notice and a proper report.  She further requests we award declaratory relief by requiring the Department and juvenile court to comply with notice and reporting requirements.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2023, the Department filed a juvenile dependency petition under section 300 alleging parents failed to protect the nine-year-old minor from sexual abuse in the home.  The juvenile court ordered minor detained and the parents were provided services and visitation.  A six-month review hearing was noticed and held in March 2024 after the Department filed a status review report under section 366.21, subdivision (e).  In July 2024, a 12-month review hearing was held, and minor was returned to father's home.

In February 2025, the Department filed a supplemental juvenile dependency petition under section 387 alleging father had committed acts of domestic violence in the presence of minor.  The juvenile court ordered minor detained and placed her with a resource family approval home.  At the jurisdictional hearing, the court found by a preponderance of the evidence the allegations of the petition were true and ordered a dispositional hearing for April 2025.  The Department filed a dispositional report in late March 2025 recommending family reunification services not be offered to either father or mother.  The recommendation noted, "[T]he case is beyond 18 months from removal, approaching 24 months, and [the Department] is unable to recommend additional [r]eunification [s]ervices.  [¶]  Additionally, [the Department] recommends a permanency

2

planning hearing, pursuant to … [section ]366.26 be calendared to determine the most appropriate permanent plan for [minor]."

At the dispositional hearing in April 2025, the juvenile court adjudicated minor a dependent of the court and denied reunification services to parents, keeping minor in her current placement. The court then calendared a selection and implementation hearing under section 366.26 for July 31, 2025, and a periodic review for September 4, 2025. Only the selection and implementation hearing under section 366.26 was discussed on the record, while both the selection and implementation and periodic review hearings were noted in the dispositional hearing findings and orders and the minute order.

In June 2025, the Department provided notice to minor of a selection and implementation hearing to be held on July 31, 2025. The notice provided that the social worker recommended the termination of parental rights. On July 28, 2025, the Department moved for a continuance because the adoption specialist had not had an opportunity to prepare an adequate evaluation and was still waiting to observe the interested parties and review several documents. The juvenile court granted the continuance and set the selection and implementation hearing for September 4, 2025, when the periodic review hearing was also set. On August 13, 2025, the Department moved for a continuance of the selection and implementation hearing because the social worker had recently been assigned to the case and a report had not been provided to the court or parties as required. The motion also noted, "It has been six months since the last findings and orders were signed and [p]eriodic [o]rders need to be made. Periodic [r]eview [o]rders are required to be made at this time." The motion then included a statement by the social worker that, "to the best of [his] knowledge," minor's placement was necessary and appropriate and the caregiver was open to permanency through adoption, along with a short statement regarding minor's educational and mental health progress. The juvenile court granted the continuance and set the selection and implementation and periodic review hearings for September 25, 2025.

3

On September 8, 2025, notice of the September 25, 2025 selection and implementation hearing was sent to the parties. On September 24, 2025, the Department filed a report under section 366.26 for the selection and implementation of a permanent plan at the same time it filed a proposed order designating educational rights holder. The proposed order designating educational rights holder provided for the appointment of minor's current placement as minor's educational rights holder.

In the selection and implementation report, the Department recommended minor be ordered into a permanent plan of adoption and parental rights be terminated. The Department also requested a hearing pursuant to section 366.3 for a postpermanency review hearing. The report provided that minor was living in her current placement since February 2025 and had also lived in that placement before living with father during a period of family maintenance. The report summarized inappropriate conversations mother had in the presence of minor and the fact that father had not visited minor since June 2025. The report then included an adoption assessment, which briefly summarized minor's placement history since declared a dependent in September 2023. The report then included an evaluation of minor, which contained minor's medical history, developmental history, educational history, mental and emotional status, and history of minor's contacts with her family. After the evaluation of minor, the report summarized the adoption specialist's contact with mother and minor's relationship with her sibling and various extended family members, as well as her relationship with her current placement. The report identified minor's current placement as a potential adoptive family and evaluated the placement's suitability. A case plan was attached to the report, along with minor's health history and family team action plan.

On September 25, 2025, the juvenile court continued both the periodic review hearing and the selection and implementation hearing to October 16, 2025. On October 9, 2025, the Department served the parties with a notice of the selection and implementation hearing occurring on October 16, 2025. At the October 16, 2025

4

hearing, parents' counsel requested a contested selection and implementation hearing, which was set for December 4, 2025. The Department then requested the court make periodic review orders, to which minor's counsel objected because a periodic review report had not been filed and notice had not been given as required by law. The juvenile court adopted the periodic review orders. The order provided minor was not on a plan of family maintenance and the "permanent plan will be determined at the … [section ]366.26 [i]mplementation hearing." The court also adopted the order designating educational rights holder transferring rights to minor's current placement.

Minor appeals.[2]

DISCUSSION

I

*Minor Was Not Prejudiced At The Periodic*

*Review Hearing By The Notice And Report Provided*

Minor contends the trial court's October 16, 2025 periodic orders should be vacated because she was not given proper notice of a periodic review hearing and the Department filed an inadequate report. The Department does not contest it failed to provide a periodic review report under section 366.1 and instead argues minor was not harmed by the report provided or orders given. It also does not contest it failed to provide statutory notice of the periodic review to minor as required by section 293, subdivision (a)(5) (see § 366.21, subds. (a)-(b)), instead pointing to other references to the periodic review contained in the record. Thus, we will proceed to a harmless error review.

Absent a due process violation, lack of strict compliance with statutory notice requirements for periodic review hearings requires harmless error review under state law.

---

[2]    Father also appealed from the periodic review orders. He never filed a brief and the appeal was dismissed.

(*In re Melinda J.* (1991) 234 Cal.App.3d 1413, 1419; see *In re Justice P.* (2004) 123 Cal.App.4th 181, 189, 192-193.) Minor does not allege a due process violation. " 'When [an] error is one of state law only, it generally does not warrant reversal unless there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.' " (*In re Christopher L.* (2022) 12 Cal.5th 1063, 1073.)

We conclude the notice and report relied on by the juvenile court when making periodic orders did not result in prejudice to minor. While minor was not personally served pursuant to section 293 (§ 293, subd. (a)(5)), her counsel was served because counsel was present at the hearing when the periodic review hearing was set and for each hearing continuing the matter. (§ 293, subd. (a)(9) [requiring service for "[e]ach attorney of record if that attorney was not present at the time that the hearing was set by the court"].) Thus, minor's counsel was informed of the hearing well before it was held and was present at all hearings to safeguard minor's interests and meaningfully reduce any prejudice to minor. (Cf. *In re Al.J.* (2019) 44 Cal.App.5th 652, 667 ["the fact that a parent was represented at the hearing affects the reviewing court's analysis of whether any error was harmless"].)

Further, in her appellate brief, minor does not develop argument pointing to any single order made as part of the court's periodic orders that she believes constituted error or was not supported by the record or report given. While minor acknowledges her trial counsel made multiple and specific objections to some of the orders, minor does not renew those objections on appeal with supporting legal authority and simply asserts the orders lack support without specifying which orders are insufficient and how. Indeed, a periodic review report under section 366.1 must include information about services offered to parents, whether minor can be returned to the custody of parents, parents' willingness to engage in minor's educational decisions, health and education of minor, efforts to locate relatives or extended family, siblings under the court's jurisdiction, and

6

minor's important relationships. The report provided to minor provided information on these topics.

Moreover, the only order adopted at the periodic review hearing that was different from the prior orders in place was to transfer the holder of minor's educational rights from her parents to her placement. Minor did not object to the juvenile court making this order in the juvenile court. Minor expressly limited her objections to the form of the report and the fact it was labeled a selection and implementation report instead of a periodic review report. Thus, any argument that the court's transfer of minor's educational rights holder to her placement was made in error is forfeited. (See *In re Dakota H.* (2005) 132 Cal.App.4th 212, 221-222 [the forfeiture rule prevents a party from standing by silently until the conclusion of the trial court proceedings and then attempting to challenge an aspect of those proceedings on appeal].) Accordingly, minor has not demonstrated she was prejudiced by the court holding a periodic review hearing based on the notice and report provided to minor.

II

*Minor Is Not Entitled To Declaratory Relief*

Minor requests we order declaratory relief compelling the Department to comply with notice and reporting requirements based on the Department's ongoing failure to provide proper notice and adequate reports before periodic review hearings. We conclude declaratory relief is inappropriate here.

While minor is correct declaratory relief may be used to challenge the Department's alleged policies (*In re Claudia E.* (2008) 163 Cal.App.4th 627, 633), minor did not allege in the juvenile court or on appeal that the Department has a policy of providing improper notice or inadequate reports before periodic review hearings. On appeal, minor points to the revision date of the form used for the periodic review findings as proof the Department will adhere in the future to the process it utilized here. We do not see the correlation between the date the findings and orders form was revised and the

7

Department's likely future action regarding notice and reporting.[3]  We similarly do not see how the Department's argument on appeal that the provided notice and report did not prejudice minor is proof the Department has a policy of providing inadequate notice and reports before periodic review hearings.  At bottom, minor has not demonstrated she is challenging a policy of the Department; thus, minor is not entitled to declaratory relief.

DISPOSITION

The orders of the juvenile court are affirmed.


/s/ _____
ROBIE, J.

We concur:


/s/ _____
HULL, Acting P. J.


/s/ _____
BOULWARE EURIE, J.

---

[3]  Minor also suggests the juvenile court use a different form when making findings and orders after a periodic review.  The form minor suggests should be used, form JV-445, is the Judicial Council approved form for a review hearing under section 366.3, which occurs after the selection of a permanent plan.  (§ 366.3, subd. (a).)  The periodic review hearing at issue here was under section 366, which occurs before the selection of a permanent plan.